51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aleksandar LAZUKIC, Plaintiff-Appellant,
v.
DESERT PALACE, INCORPORATED, dba Caesars Palace Hotel &
Casino, Defendant-Appellee.
 No. 94-15510.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aleksandar Lazukic appeals pro se a jury verdict in favor of Caesars Palace in his claim alleging age and gender discrimination in violation of Title VII of the Civil Rights Act of 1962, 42 U.S.C. Sec. 2000e-2(a)(1) ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(a)(1) ("ADEA").[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Discrimination Claim
 
 
 4
 Lazukic appears to contend that the evidence was insufficient to support the jury's verdict that Caesars Palace did not discriminate against him on the basis of his gender and age.
 
 
 5
 To establish discrimination under either Title VII or the ADEA, a plaintiff must first establish a prima facie case of discrimination. See Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991). To establish a prima facie case, a plaintiff must show (1) membership in a protected class, (2) that he or she was qualified for the job, (3) that an employment decision was made despite these qualifications, and (4) that the position remained open and the employer continued to consider applicants with comparable qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason the burden then shifts back to the plaintiff to prove that this reason was pretextual. Id. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff, however, 'remains at all times with the plaintiff.' " Washington v. Garrett, 10 F.3d 1421, 1432 (9th Cir.1994) (quoting St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993)).
 
 
 6
 Since Lazukic did not move for a directed verdict pursuant to Fed.R.Civ.P. 50(b) at any stage of the trial, "our inquiry is limited to whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice." Smith v. Sumner, 994 F.2d 1401, 1404 (9th Cir.1993) (internal quotations omitted).
 
 
 7
 In considering whether Caesars Palace had discriminated against Lazukic, the jury considered evidence that (1) Lazukic neither lost his job nor suffered any reduction in wages, benefits or hours; (2) Caesars Palace hired approximately one hundred new dealers in the period preceding the alleged discrimination; (3) a number of senior employees, both male and female, were given new assignments to allow these new dealers an opportunity to gain experience; and (4) Caesars Palace employed approximately equal numbers of female and male dealers.
 
 
 8
 Because the evidence considered by the jury meets the "any evidence" standard and because there was no plain error which would result in a manifest miscarriage of justice, we affirm the jury's verdict. See id.[2]
 
 II
 Attorney's Fees
 
 9
 Caesars Palace requests attorney's fees and costs for a frivolous appeal pursuant to Fed.R.App.P. 38.[3] "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W. ---- (U.S. Jan. 3, 1995) (No. 94-1187).
 
 
 10
 Lazukic's attorney stated in his letter withdrawing as counsel that the "reason I refused to file an appeal for Mr. Lazukic is my belief that such an appeal would be frivolous and might subject me to sanctions and Mr. Lazukic to an award of attorneys fees [sic] on behalf of the Defendant." We cannot, however, say that Lazukic's arguments were wholly without merit, and thus decline to award damages pursuant to Fed.R.Civ.P. 38.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lazukic's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lazukic does not appeal the district court's May 13, 1993, grant of summary judgment for the defendant on his state law claims
 
 
 [2]
 In his opening brief, Lazukic requests that the panel "examine the entering of jurors" but does not present any facts or legal arguments that would suggest that the district court acted improperly. Although "the court must construe [pro se] pleadings liberally and must afford the plaintiff the benefit of the doubt," Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988), the Federal Rules of Appellate Procedure require that an appellant's brief contain "the contentions of the appellant with respect to the issues presented, and the reasons thereof," Fed.R.App.P. 28(a)(4). See also Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1992) (pro se's brief must contain contentions as required by Fed.R.App.P. 28(a)(4) or the issues will be deemed abandoned). Because Lazukic made no argument with respect to the swearing in of the jurors, he is deemed to have abandoned that claim. See id
 
 
 [3]
 An order notifying Lazukic of the defendant's request for sanctions and giving Lazukic an opportunity to respond was filed on March 3, 1995 in accordance with Fed.R.App.P. 38